951 F.2d 363
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wilford BROWN, Defendant-Appellant.
 No. 90-10528.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 9, 1991.
Decided Dec. 16, 1991.
 
 Before HUG, CYNTHIA HOLCOMB HALL and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Wilford Brown appeals his conviction, following a jury trial, for aggravated sexual abuse in violation of 18 U.S.C. §§ 1153 and 2241(c). Brown claims the district court erred by failing to suppress his confession as involuntary, by admitting evidence at trial that he had failed a polygraph examination, and, finally, by giving a superfluous and misleading jury instruction. We affirm.
 
 
 3
 * We review de novo a district court's finding that a confession was voluntary, United States v. Wolf, 813 F.2d 970, 974 (9th Cir.1987), viewing the evidence adduced at the suppression hearing in the light most favorable to the government. United States v. Bautista, 684 F.2d 1286, 1290 (9th Cir.1982), cert. denied, 459 U.S. 1211 (1983).
 
 
 4
 Here, Brown confessed to having molested his four-year-old niece after learning that he had failed a polygraph examination, to which he submitted voluntarily. At the suppression examination, Brown argued that FBI Agent Vardell, who administered the examination, had ignored his repeated requests for an attorney and essentially dictated Brown's written confession. The government offered Vardell's contrary account of the polygraph examination, Brown's written confession, and the forms Brown signed attesting to his voluntary appearance to take the examination and his waiver of Miranda rights. In light of this evidence, contradictions in Brown's testimony, and syntactical lapses in Brown's written confession, we uphold the district court's finding that the confession was voluntary.
 
 II
 
 5
 We review for abuse of discretion a district court's decision to admit evidence of a polygraph examination, reversing for nonconstitutional error only where the error, more probably than not, affected the verdict. See United States v. Miller, 874 F.2d 1255, 1260, 1263 (9th Cir.1989). Where a defendant challenges at trial the voluntariness of his confession, the prosecution may introduce testimony that the defendant confessed after learning that he had failed a polygraph examination, so long as the testimony is narrowly tailored to limit its prejudicial impact. Id. at 1262 (reversing conviction where defendant's confession was "at the heart of the prosecution's case" and the district court allowed testimony revealing not only that defendant had failed polygraph but the specific questions asked and answers elicited during the examination). See also United States v. Hall, 805 F.2d 1410 (10th Cir.1986); United States v. Kampiles, 609 F.2d 1233 (7th Cir.1979), cert. denied, 446 U.S. 954 (1980); Tyler v. United States, 193 F.2d 24 (D.C.Cir.1951), cert. denied, 343 U.S. 908 (1952).
 
 
 6
 Brown argued at trial that his confession was coerced, but avoided mentioning the polygraph. Over Brown's objection, the district court then allowed the government to elicit testimony from Agent Vardell about the polygraph examination, including answers to the following two questions:
 
 
 7
 The questions that you asked the defendant sir, did they relate to the sexual molestation allegations regarding [the victim]?
 
 
 8
 During the testing examination itself did the defendant admit or deny the molestation allegations?
 
 
 9
 Agent Vardell testified that Brown had denied the allegations and that Vardell had determined that Brown's responses were deceptive.
 
 
 10
 Brown argues, first, that by limiting his cross-examination of Agent Vardell, he avoided "opening the door" to evidence about the polygraph. We disagree. Under Miller, admissibility hangs on whether, not how, the defendant challenges the voluntariness of his confession. Miller, 874 F.2d at 1261-62.
 
 
 11
 Second, Brown argues that the polygraph testimony, if admissible, was more specific than Miller permits. We agree. Miller suggests that testimony beyond the mere fact that the defendant failed a polygraph always poses the risk of unnecessary prejudice. See id. at 1262. Here, however, the improper testimony was not a "thorough account" of the polygraph examination. See id. at 1263. We affirm because it is not more probable than not that the overly broad testimony permitted by the district court affected the verdict any more than testimony permissible under Miller would have.
 
 III
 
 12
 We review de novo whether jury instructions given over a defendant's timely objection accurately state the law.[1] United States v. Terry, 911 F.2d 272, 278 (9th Cir.1990). "The adequacy of the jury instruction is not to be determined by the giving, or failure to give, any one or more instructions, but by examining the instructions as a whole." United States v. Gering, 716 F.2d 615, 622 (9th Cir.1983).
 
 
 13
 Here, the district court instructed the jury as follows:
 
 
 14
 The presumption is that every person knows what the law forbids, and what the law requires to be done. However, evidence that the defendant acted because of ignorance of the law is to be considered by you in determining whether or not the defendant acted with specific intent as charged in Count II.
 
 
 15
 Brown claims that the instruction was not supported by the evidence because he did not claim ignorance of the law in his defense. He further claims that the instruction impermissibly lightened the prosecution's burden of proving specific intent by suggesting that if he knew the law, then he had the specific intent to commit the crime it proscribes.
 
 
 16
 We disagree. While the law Brown violated requires the defendant to intend "to abuse, humiliate, harass, degrade, or arouse or gratify," it does not require the defendant to know that his actions violate the law. Thus, even if the instruction was superfluous, its potential effect was to help rather than to hinder the defense. See United States v. McGown, 711 F.2d 1441, 1452 (9th Cir.1983) (instruction that states law correctly but is unsupported by the evidence is harmless error). Viewed in conjunction with the instruction on the presumption of innocence, the specific intent instruction correctly states the law. United States v. Bryza, 522 F.2d 414, 424 (7th Cir.1975), cert. denied, 426 U.S. 912 (1976).
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we perceive no defect in the instructions given, we need not consider whether Brown's general objection below was adequate to preserve the specific argument he makes here